307 So.2d 499 (1975)
RANDALL INDUSTRIES, INC., a Florida Corporation, Appellant,
v.
LEE COUNTY, a Political Subdivision of the State of Florida, et al., Appellees.
No. 74-530.
District Court of Appeal of Florida, Second District.
February 5, 1975.
*500 T. Rankin Terry, Jr., Roberts, Watson, Taylor & McNeil, Fort Myers, for appellant.
Frank A. Pavese, Pavese, Shields, Garner, Haverfield & Kluttz, Fort Myers, for appellee Lee County.
Ansley Watson, Jr., Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees Carlie Young and Gerald Young.
GRIMES, Judge.
Appellant complains of the entry of an order dismissing its amended complaint with prejudice.
According to this complaint, Lee County, as operator of the Page Field Airport, has entered into a "license agreement and space lease" with Carlie Young and Gerald Young, d/b/a Green Top Cab and Yellow Cab, whereby the county granted the Youngs the exclusive right to use certain parking areas at the airport for a taxicab and limousine stand. The complaint alleged that this agreement was entered into without competitive bidding as required by Fla. Stat. § 125.35 (1973). It was further alleged that in prohibiting other taxicab operators from parking on the airport property pursuant to this agreement, the county has imposed an unconstitutional burden upon interstate commerce. The appellant says it is the holder of a taxicab operator master permit from the Florida Public Service Commission permitting it to "transport passengers for hire on the highways of this state from Page Field Airport located in the unincorporated area of Lee County."
As a general rule, in the absence of a controlling constitutional or legislative provision, competitive bidding is not an essential prerequisite to the validity of public contracts. 64 Am.Jur.2d, Public Works and Contracts, § 34. However, Fla. Stat. § 125.35 (1973), which is part of the statutory authority relating to the powers of county commissioners, states:
"... The board of county commissioners is expressly authorized ... to lease real property, belonging to the *501 county... . No ... lease of any real property shall be made unless notice thereof shall be published once a week for at least two weeks in some newspaper of general circulation published in the county, calling for bids for the ... lease of the real estate so advertised to be ... leased... . [I]n case of lease, the bid serving the highest public interest as authorized herein, complying with the terms and conditions set forth in such notice, shall be accepted unless the board of county commissioners shall reject all bids because the same are too low... ."
For purposes of determining whether the complaint stated a cause of action, the issue may be narrowly stated as whether Lee County was obligated to follow the requirements of this section with respect to the license agreement and space lease.
Appellees' position rests upon its construction of the Airport Law of 1945 which has been codified as Chapter 332, Florida Statutes. In Fla. Stat. § 332.01(1) (1973), the term "municipality" is defined to mean any county, city, village or town of the state. Fla. Stat. § 332.08 (1973) says:
"... [A] municipality which has established ... airports ... is hereby authorized: ...
(3) ... [T]o lease ... for a term not exceeding thirty years to private parties ... for operation or use consistent with the purposes of this chapter, space, area, improvements, or equipment on such airports ... and to confer the privileges of concessions of supplying upon its airports goods, commodities, things, services, and facilities; provided, that in each case in so doing the public is not deprived of its rightful equal and uniform use thereof."
Appellees argue that because the statute does not specifically require bidding, no bidding is necessary. This does not follow. The basic powers of the county commissioners and the limitations thereof are set forth in Chapter 125. In the absence of a specific legislative declaration to that effect, the fact that counties which operate an airport are authorized under § 332.08 to enter into long term leases for purposes consistent with the use of the airport does not give the county the right to ignore the competitive bidding requirements which would be otherwise applicable to the leasing of county property.
Additional legislative evidence in support of this view is found in Fla. Stat. § 125.012(17) (1973). That statute, which applies only to "home rule counties", permits the granting of exclusive or nonexclusive franchises for the operating of such services as taxicabs in connection with county projects but provides either for competitive bidding or for notice of negotiations before such a franchise can be awarded. It is anomalous to suggest that any less stringent requirements would apply to Lee County, which is a "non-home rule county."
The appellees' contention that appellant has no standing to complain is without merit. According to the complaint, Lee County leased its property to the Youngs without taking bids. As a potential competitor, appellant had a right to submit a bid, and this right was effectively denied him.
In view of our determination of this appeal, we do not reach the constitutional question. Since the complaint stated a cause of action, the motion to dismiss was improvidently granted.
Reversed.
HOBSON, Acting C.J., and BOARDMAN, J., concur.