554 So.2d 613 (1989)
OUTDOOR MEDIA OF PENSACOLA, INC., Appellant,
v.
SANTA ROSA COUNTY, Florida and Community Sign Services, Inc, F/K/a Neighborhood Outdoor Advertising, Inc., Appellees.
No. 89-798.
District Court of Appeal of Florida, First District.
December 22, 1989.
J. Arby Van Slyke, P.A., Pensacola, for appellant.
Joe C. Denison, of Merting & Denison, P.A., Pensacola, for appellee Community Sign Service, Inc., f/k/a Neighborhood Outdoor Advertising, Inc.
Thomas V. Dannheisser, Milton, for appellee Santa Rosa County.
JOANOS, Judge.
Outdoor Media of Pensacola, Inc. (appellant) appeals the dismissal of its complaint *614 against Santa Rosa County (county), alleging that the county granted Community Sign Service, Inc. (Community) an exclusive right to lease and use county rights of way for placing signs paid for by Community's customers. Appellant maintains that the trial court erred in construing the agreement as a license rather than a lease subject to competitive bidding procedures. We reverse.
Appellant's complaint alleged that the county entered into an agreement with Community, granting Community an exclusive right to lease and to use county rights of way for placing signs paid for by Community's customers. The complaint further alleged that Community was granted an exclusive use without competitive bidding, in violation of the provisions of Chapter 125 of the Florida Statutes; and that appellant, a competitor of Community, had been denied its right to submit a bid. Appellant sought a declaration as to the validity of the agreement, and requested that the court declare the agreement void, and enjoin the county from allowing Community to use the rights of way until and unless it is the successful competitive bidder.
The agreement recites that "due to budgetary constraints, the County is unable to place the number of roadside information signs on County rights of way that are needed," and that the subject agreement would "provide for a method of placing said information signs that would otherwise not be placed due to financial constraints." The agreement granted Community the "exclusive privilege ... to place information signs on County rights of way located in the unincorporated areas of Santa Rosa County for a period of three (3) years from the date this Agreement is entered into." The signs were to be informational only, and in a form and design approved by the county, placed only at locations approved by the county, with the county reservation of right to require removal of any sign without cause. Under the agreement, Community was permitted to attach a sponsor plate, and agreed to pay the county fifty cents per sign face per month.
Santa Rosa County filed a motion to dismiss the complaint, for failure to state a cause of action. In support, the motion alleged that, "[a]s a matter of law, the agreement between Santa Rosa County (the County) and Community Sign Service, Inc., (the Company) is not a lease but is merely a license." In addition, the motion alleged that Community had not been conveyed an interest in the county's property; that Community only had the restricted right to provide a service on rights of way. As further support for the view that Community held only a license as opposed to a lease, the motion recites that: (1) the county retained a unilateral right to have any sign removed without cause; (2) Community has no right to erect signs on any specific parcel; (3) prior approval of the county is required for any sign placement; (4) the county has the right to vacate or abandon any right of way without violation of any right granted Community by the agreement; (5) the agreement contains no provision for assignment; and (6) the agreement is not suitable for recording.
The trial court entered an order of dismissal predicated on a finding that the agreement entered into between the county and Community "is in the nature of a license, providing for a personal privilege of a limited duration; the agreement is not a lease, which would be a conveyance of an interest in an estate for a term less than that of the owner." Based on these findings, the complaint was dismissed for failure to state a cause of action.
Section 125.35(1)(a), Florida Statutes (1987), provides in part:
The board of county commissioners is expressly authorized to sell and convey any real or personal property, and to lease real property, belonging to the county, whenever the board determines that it is to the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be the highest and best ...
The purpose of competitive bidding was articulated by this court in Hotel China & Glassware Co. v. Board of Public Instruction, 130 So.2d 78, 81 (Fla. 1st DCA 1961), and quoted in Marriott Corp. v. Metropolitan *615 Dade County, 383 So.2d 662, 665 (Fla. 3d DCA 1980), thusly:
Competitive bidding statutes are enacted for the protection of the public. They create a system by which goods or services required by public authorities may be acquired at the lowest possible cost. The system confers upon both the contractor and the public authority reciprocal benefits, and exacts from each of them reciprocal obligations. The bidder is assured fair consideration of his offer, and is guaranteed the contract if his is the lowest and best bid received. The principal benefit flowing to the public authority is the opportunity of purchasing the goods and services required by it at the best price obtainable. Under this system, the public authority may not arbitrarily or capriciously discriminate between bidders, or make the award on the basis of personal preference. (Emphasis supplied by the court.)
The statute has been construed to mean that a county commission is not authorized to approve a lease that was not made pursuant to competitive bidding procedures. See Rolling Oaks Homeowner's Association, Inc. v. Dade County, 492 So.2d 686, 688 (Fla. 3d DCA 1986), review denied, 503 So.2d 328 (Fla. 1987); Randall Industries, Inc. v. Lee County, 307 So.2d 499, 501 (Fla. 2d DCA 1975). See also 1988 Op. Att'y Gen. Fla. 88-34 (August 25, 1988).
The question in this case is whether the agreement between Community Sign Service and Santa Rosa County was a lease or a license. In DeVore v. Lee, 158 Fla. 608, 30 So.2d 924, 925 (1947), the court defined a lease as "a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own [which] passes a present interest in the land for the period specified." A lease is defined in Black's Law Dictionary 829 (5th ed. 1979), as a 
... Contract for exclusive possession of lands or tenements for determinate period. Contract for possession and profits of lands and tenements either for life, or for certain period of time, or during the pleasure of the parties... . Conveyance of interest in real property for specified period or at will. Conveyance or grant of estate in real property for limited term with conditions attached.
Black's also defines a "license" variously as
[a] permit, granted by an appropriate governmental body, generally for a consideration, to a person, firm, or corporation to pursue some occupation or to carry on some business subject to regulation under the police power. A license is not a contract between the state and the licensee, but is a mere personal permit. License with respect to real property is a privilege to go on premises for a certain purpose, but does not operate to confer on, or vest in, licensee any title, interest, or estate in such property.
Black's Law Dictionary 829 (5th ed. 1979). See also 51 Am.Jur.2d, Licenses and Permits § 1 (1970)  "A license is in the nature of a special privilege, entitling the licensee to do something that he would not be entitled to do without the license."
The challenged agreement in Randall Industries is analogous to the agreement in this case. In Randall, a taxicab company filed a complaint alleging that Lee County entered into a "license agreement and space lease" with a competing cab company, granting the competing company exclusive right to use certain parking areas at the airport for a taxicab and limousine stand. The complaint further alleged that the agreement was entered into without competitive bidding as required by section 125.35, Florida Statutes (1973). The narrow issue in the case was "whether Lee County was obligated to follow the requirements of the section with respect to the license agreement and space lease." 307 So.2d at 501. The county argued that because the statute authorizing municipalities (including counties) to operate airports does not specifically require bidding, no bidding was necessary. The court disagreed, saying the fact that counties are authorized by section 332.08 to enter into long term leases does not give a county the right to ignore the competitive bidding requirements which would be applicable otherwise. After determining that Randall's complaint stated a cause of action, the court found that dismissal with prejudice was improvidently granted, and reversed.
*616 Although the subject agreement contains some characteristics of a license, we find that it is a lease. Under the terms of the agreement in the instant case, the county granted Community an exclusive right to place signs on county rights of way for a three year period. Community's right was subject to the county's prior approval as to location of the signs, and subject to the county's reservation of right to require removal of any sign without cause. The agreement further provided that Community would pay the county fifty cents per sign face per month, and contained a provision for renewal for an additional three year period.
This right under the agreement comports with the generally accepted definition of a lease as contemplated by the supreme court in DeVore, and by Black's Law Dictionary. That is, by this agreement the county has passed a portion of its interest in the rights of way for a specified period, in that Community is authorized to use county land for the placing of signs. In other words, Community has been granted more than a privilege to go on the land. Instead, it has been granted use of a portion of the land for the duration of the agreement.
The order of dismissal presents an accurate recitation of some of the provisions of the agreement. However, the order fails to reference the exclusive nature of the use accorded to Community, the determinate period of that use, and the fact that the use will be ongoing in that the signs will remain on the rights of way throughout the duration of the agreement  subject only to the county's right of removal. Thus, the order of dismissal fails to address some of the essential elements of the agreement.
Accordingly, the order of dismissal is reversed, and the cause is remanded with directions to reinstate appellant's complaint.
ERVIN and BARFIELD, JJ., concur.