PER CURIAM.
-The final summary judgment under review is affirmed based on a holding that the plaintiff Media Placement, Inc. had no standing to bring the action for breach of contract below because (1) the alleged oral contract sued upon was entered into by the plaintiff as an agent on behalf of The Church by the Sea, and, without dispute, The Church by the Sea did not authorize the plaintiff to bring the instant action for the benefit of The Church by the Sea, compare Kumar Corp. v.
Nopal Lines, Ltd., 462 So.2d 1178,1183 (Fla. 3d DCA), rev. denied, 476 So.2d 675 (Fla.1985); and (2) the plaintiff does not itself, as an agent, have a cause of action for breach of contract as its only stake in the contract is a commission from The Church by the Sea upon performance of the contract.[1] Restatement (Second) of Agency § 372 cmt. d (1984) (“The fact that an agent who makes a contract for his principal will gain or suffer loss by the performance or nonperformance of the contract ... by the other party thereto does not entitle him to maintain an action on his own behalf against the other party for its breach. An agent entitled to receive a commission from his principal upon the performance of a contract which he has made on his principal’s account does not, from this fact alone, have any claim against the other party for breach of the contract, either in an action on the contract or otherwise.”).
Affirmed.

. We have not overlooked certain payments made by the plaintiff to keep the contract viable, but these were merely voluntary payments which the plaintiff, without dispute, was under no obligation under the contract to make and were made purely as a business investment to keep the contract viable so that the plaintiff could eventually realize its commission. The fact that the plaintiff stands to lose this investment upon the nonperformance of the contract cannot change this result.