PER CURIAM.
Media Placement, Inc., appeals the dismissal of its action against Combined Broadcasting, Inc. For the following reasons, we affirm.
In a prior case arising from the same underlying dispute, we affirmed summary judgment against Media on its suit “for the use and benefit of the Church by the Sea, Inc.,” against Combined Broadcasting. Media Placement, Inc. v. Combined Broadcasting, Inc., 638 So.2d 105 (Fla. 3d DCA 1994). We held both that Media lacked standing to sue on behalf of the Church by the Sea and that Media, as agent of the Church by the Sea, did not have a direct claim for damages. Id. at 106.
Media has now brought the current action claiming an assignment of a chose in action from the Church by the Sea, received during the prosecution of the first suit. We agree with the trial court that this second action is barred under principles of res judicata. “Res judicata applies to all matters actually raised and determined as well as to all other matters which could properly have been raised and determined in the prior action, whether they were or not.” ICC Chemical Corp. v. Freeman, 640 So.2d 92, 93 (Fla. 3d DCA 1994) (final determination of prior suit on contract between corporate parties barred *1329 one corporation’s subsequent suit for fraud in the contract negotiations against the other corporation’s attorney); see also Knabb v. Duner, 143 Fla. 92, 102, 196 So. 466, 460 (1940) (barring “every other matter which might "with propriety have been litigated and determined in” the prior action); Town of Boca Raton v. Moore, 122 Fla. 350, 367, 166 So. 279, 282 (1936) (subsequently barring “any other admissible matter that might have been offered” to sustain a claim in the prior action); Del Vecchio v. Del Vecchio, 179 So.2d 400 (Fla. 3d DCA 1965); Smith v. Florida East Coast Ry., 151 So.2d 70 (Fla. 3d DCA 1963), cert. discharged, 162 So.2d 663 (Fla.1964).
Affirmed.