660 So.2d 413 (1995)
AVIS RENT A CAR SYSTEM, INC., Appellant,
v.
MONROE COUNTY, etc., et al., Appellees.
No. 95-6.
District Court of Appeal of Florida, Third District.
September 20, 1995.
*414 Taylor Brion Buker & Greene and R. Bruce Wallace, for appellant.
Morgan & Hendrick and Wayne LaRue Smith; Katz Kutter Haigler Alderman Marks Bryant & Yon and Paul R. Ezatoff; Hinshaw & Culbertson and Eric G. Belsky and Manuel A. Cuadrado; Mershon Sawyer Johnson Dunwody & Cole and William J. Dunaj and James A. Weinkle, for appellees.
Before HUBBART, JORGENSON and GERSTEN, JJ.
JORGENSON, Judge.
Avis Rent A Car System, Inc., appeals a final order granting summary judgment in favor of defendants on Avis's complaint for declaratory relief. We affirm.
Avis operates a car rental concession at the Key West International Airport under a written concession agreement with Monroe County, executed in 1985 and later extended in term by addenda. A second car rental company, Dollar, was also granted a concession in 1985. The 1985 concession agreements were entered into following competitive bidding. The concession agreement executed by Avis and the county provided that Avis's concession right was non-exclusive:
Lessor desires to grant Lessee a non-exclusive right to operate an automobile rental concession at and from Key West International Airport.
....
Lessor hereby leases to Lessee for its non-exclusive use the rental car counter located in the terminal, Key West, Monroe County, Florida.
In 1993, Monroe County granted two more concessions, bringing the number of car rental companies at the Key West airport to four. Avis then brought this action, claiming that its agreement with the county limits car rental concessions at the Key West airport to three. Avis argued that the "non-exclusive" term of the concession agreement is ambiguous, but is given precise content by the bid documents supplied to potential bidders along with the concession agreement contract form in 1985. These bid documents provided that space constraints at the airport would restrict car rental concessions to three. Avis claims that this bid document reference to a three-concession restriction is part of its agreement with the county and limits the county's right to grant concessions. The lower court rejected the bid documents as extrinsic evidence barred under the parol evidence rule. We agree.
As an initial matter, Avis does not dispute that the concession agreement is a valid integration of its agreement with the county.[1] Terms of a valid, integrated, written contract can be varied by extrinsic evidence only to the extent that the terms are ambiguous and are given meaning by the extrinsic evidence. J.M. Montgomery Roofing Co. v. Fred Howland, Inc., 98 So.2d 484 (Fla. 1957); Seaway Yacht Sales, Inc. v. Brunswick Corp., 242 So.2d 192 (Fla. 3d DCA 1970); Lanzalotti v. Cohen, 113 So.2d 727 (Fla. 3d DCA), cert. denied. 116 So.2d 772 (Fla. 1959). The concession agreement provides that Avis's concession right is non-exclusive and is otherwise silent regarding the county's right to grant further concessions. Used in this context, the term non-exclusive poses no material ambiguity. It means simply that Monroe County's right to enter into additional agreements is not limited or affected by its agreement with Avis.
We have previously held that a written contract which provided that a concession right was "non-exclusive" could at once also limit the total number of concessionaires by another express provision. Dade County v. Dobbs Houses, Inc., 283 So.2d 886, 887 (Fla. 3d DCA 1973) (nothing that an airport restaurant service providers' exclusive contract had been changed to "a non-exclusive basis which provided for a limited number of competitors to provide basically the same restaurant and *415 related services... .").[2] It also follows, however, that an integrated contract that expresses no such limit and provides for non-exclusivity is unambiguous, leaving the right to grant further concessions unlimited and undisturbed.
Including the term "non-exclusive" strengthened, rather than weakened, the county's position. Avis's argument that the term presents a latent ambiguity, see Ace Elec. Supply Co. v. Terra Nova Elec., Inc., 288 So.2d 544 (Fla. 1st DCA 1973), is misplaced. While in the abstract, "non-exclusive" is susceptible to multiple interpretations, in the context of a concession contract that itself contains no limitation on the total number of concessionaires its use is unambiguous  nullifying prior, extrinsic references to limitations.
Avis's remaining points lack merit.
Affirmed.
NOTES
[1] In fact, the proposal instructions, one of the bid documents relied upon by Avis, provide that "[t]he Concession Agreement as executed will be the binding document."
[2] Dobbs recognizes the use of the term non-exclusive in a contract in conjunction with an express limitation on the number of competitors to mean that the concession right is only partially exclusive. Depending on context and circumstances, a right may be either wholly or partially exclusive. See Management of the Desert, Inc. v. Palm Springs Recycling Ctr., Inc., ___ Cal. App.4th ___, 11 Cal. Rptr.2d 676, 684 (applying statute giving city a right to grant either a "partially exclusive or wholly exclusive franchise, contract, license, permit, or otherwise... ."), rev. granted and opinion superseded, ___ Cal.4th ___, 13 Cal. Rptr.2d 850, 840 P.2d 955 (1992), aff'd, 7 Cal.4th 478, 28 Cal. Rptr.2d 461, 869 P.2d 440 (1994). Compare Randall Indus., Inc. v. Lee County, 307 So.2d 499 (Fla. 2d DCA 1975) ("exclusive" license and space lease at airport granted to each of two taxicab companies  a partially exclusive license) with Black's Law Dictionary 569 (6th ed. 1990) (defining exclusive, in part, as: "Sole. Shutting out; debarring from interference or participation; vested in one person alone"  wholly exclusive (emphasis added)). The context of the present concession agreement, which is silent as to limitations, implies that "non-exclusive" means that the concession right is neither wholly nor partially exclusive.