851 So.2d 214 (2003)
John NEDEAU and Michael Gomez, Appellant,
v.
Tom GALLAGHER, in his official capacity as Chief Financial Officer of the State of Florida, and the State of Florida, Appellees.
No. 1D02-1807.
District Court of Appeal of Florida, First District.
June 30, 2003.
Rehearing Denied July 31, 2003.
Cynthia S. Tunnicliff, Marc W. Dunbar and Stephen Spector of Pennington, Moore, Wilkinson, Bell & Dunbar, P. A., Tallahassee, for Appellant.
Edwin R. Hudson and Laura Beth Faragasso of Henry, Buchanan, Hudson, Suber & Carter, P. A., Tallahassee, for Appellees.
ALLEN, C.J.
The appellants challenge a final summary judgment rejecting their claim for recovery of certain administrative fees assessed under a plan of deferred compensation.[*] The appellants contested the statutory authority for such assessments, which were made under the state's contracts with the investment providers for the plan. However, the appellants lack standing to pursue this claim without the investment providers, and we therefore affirm the summary judgment.
The appellants participated in the Government Employees' Deferred Compensation Plan under section 112.215, Florida Statutes. This statute charges the state Treasurer with various duties including the establishment and approval of such *215 plans for deferred compensation with investment vehicles and providers, etc. E.g. § 112.215(4)(a), Fla. Stat. In accordance with this procedure the state entered into contracts with the qualifying investment providers, and those providers then entered into separate contracts with the employees who chose their particular investment programs for deferred compensation.
The statute also empowers the Treasurer to segregate funds of deferred compensation, which are to be held and administered in accordance with the plan. § 112.215(4)(b) and (d), Fla. Stat. The statute further permits the Treasurer to delegate administrative responsibilities or contract with a private entity for such functions, with the provision of compensation for these services. § 112.215(4)(c), Fla. Stat. This was done, with several administrative functions being performed by a state Office of Deferred Compensation and recordkeeping services performed by a private entity. The state's contracts with the investment providers recognized this arrangement, and the contracts specified the amounts of two monthly charges which the providers were obligated to pay for these services. Such amounts were then apparently encompassed within the greater administrative charges which the providers imposed on the participating employees, under the individual contracts between the providers and the employees. However, the enrollment forms clearly advised the employees of the administrative charges which the providers were imposing for participation in the selected investment programs.
After electing to voluntarily participate and enrolling in the individual programs through their chosen providers, the appellants later filed the action which led to the summary judgment now being appealed. The investment providers were not made parties, and the action was not brought on behalf of the providers. Instead, the action was brought against the treasurer and the State of Florida with the appellants seeking to compel these parties to remit the disputed assessments directly to the appellants, rather than to the investment providers.
The position which the appellants urged below and continue to argue on appeal is predicated on a contention that the appellees had no statutory authorization to require payment of the disputed administrative fees. In the summary judgment order the trial court rejected that contention, determining that the authority to impose such administrative assessments against the providers inheres in the statutory authority to contract for the provision of administrative services. Alternatively, the court also determined that the appellants waived their challenge and were estopped from asserting the claim, in that they voluntarily participated in the investment programs by executing enrollment forms which identified the fees being charged by the providers, and with the appellants accepting the benefits of such voluntary participation. Although the appellants challenge these determinations, resolution of this appeal does not necessitate review as to these rulings on the merits. Instead, the denial of the appellants' claim is upheld because it is clear on the record that the appellants did not have standing to pursue this claim.
Standing depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation. E.g. Peregood v. Cosmides, 663 So.2d 665 (Fla. 5th DCA 1995); Equity Resources, Inc. v. County of Leon, 643 So.2d 1112 (Fla. 1st DCA 1994). The interest cannot be conjectural or merely hypothetical. Peregood. Furthermore, the claim should be brought by, or on behalf of, the real party in interest. Kumar Corporation v. Nopal Lines Ltd., *216 462 So.2d 1178 (Fla. 3d DCA), rev. denied, 476 So.2d 675 (Fla.1985). The appellants did not satisfy these requirements, as their challenge is addressed to the issue of statutory authorization for the contested fees assessed in the contracts between the state and the investment providers. Even if the appellants were able to prevail on this claim, it does not appear that this would invalidate the providers' separate contracts with the appellees. A successful challenge to the contested amounts would therefore not necessarily benefit the appellees, who would presumably still be obligated for the administrative fees in their contracts with the providers. The claim which the appellants presented is thus not one in which they could be granted relief, and their interest is too conjectural upon which to predicate standing. As in Media Placement Incorporated v. Combined Broadcasting, Incorporated, 638 So.2d 105 (Fla. 3d DCA 1994), the appellants' lack of standing was a fatal deficit and we therefore uphold the adverse summary judgment.
The appealed order is affirmed.
BENTON and HAWKES, JJ., CONCUR.
NOTES
[*] The case was originally filed and the summary judgment entered as to the Treasurer and the State of Florida. The style of the case has been changed in this court to replace the "Treasurer" designation with "Chief Financial Officer" to comport with the change in Art. IV, § 4, Florida Constitution.