898 So.2d 1009 (2005)
Kenneth P. WEISS, Appellant,
v.
Peter JOHANSEN and Larry Dunn, Appellees.
No. 4D04-578.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Rehearing Denied April 21, 2005.
*1010 Ira H. Grolman, Boston, MA, for appellant.
Peter B. Weintraub of Weintraub & Weintraub, P.A., Boca Raton, for appellees.
SHAHOOD, J.
This appeal involves a dispute arising from the purchase and sale of a 118-foot cutter sloop called Gitana, from appellee, Peter Johansen, to appellant, Kenneth Weiss. Weiss appeals from Orders granting partial summary judgment and final summary judgment as to counts 2 (fraud) and 3 (breach of warranty of merchantability) of the First Amended Counterclaim (against Johansen) and as to counts 1 (fraud) and 2 (civil conspiracy) of the Third Amended Third Party Complaint (against Larry Dunn, Johansen's manager).
Weiss and Johansen entered into a purchase agreement for the sale of the Gitana. The sale of the vessel was subject to a marine survey and trial run conducted to the satisfaction of the buyer. Weiss executed the purchase agreement individually and in his own name. In addition, following the execution of the purchase agreement, Weiss executed a series of pre-purchase agreements with respect to the vessel. The parties also verbally agreed to a $50,000.00 escrow of sales proceeds to ensure Johansen's performance of certain repairs to the vessel.
After closing, Weiss allegedly learned from Johansen's former employees, including the engineer aboard the Gitana, Scott Holden, that affirmative steps were taken by Johansen and Dunn to make Weiss believe that there were two working generators, when only one worked, and to fill cracks in the mast with putty and paint over them in order to mislead Weiss into believing that the vessel was in a far superior condition than it was at the time of purchase. Weiss alleged in an affidavit that he hired a marine surveyor to assess the condition of the Gitana prior to purchase and in particular the mast. Because the cracks were concealed and painted over, the surveyor was unable to detect any significant problems with the mast. Weiss claimed that a cracked mast dramatically diminished the value of the Gitana and that he would not have purchased the vessel had he known about the deficiencies.
Johansen initially filed an action against Weiss and the seller/broker alleging that the broker wrongfully withheld the escrowed funds and that Weiss did not have a claim to the escrowed funds. The broker was subsequently dismissed pursuant to a stipulation and order. In an Amended Complaint against Weiss, Johansen alleged breach of contract and moved for declaratory relief. Johansen alleged that he met all conditions or obligations imposed upon him and that he was entitled to the escrowed funds.
Weiss filed a counterclaim and then a first amended counterclaim against Johansen. He also filed a third party complaint against Dunn.
Johansen and Dunn filed a joint motion for partial summary final judgment as to the first amended counterclaim and third *1011 amended third party complaint. Johansen moved for summary judgment on the fraud and breach of warranty of merchantability counts (2 & 3), and Dunn moved for summary judgment on the fraud and civil conspiracy counts (1 & 2). Both alleged that Weiss lacked standing to assert his claims by failing to join an indispensable party, Green Shoe, Ltd., the true owner of the Gitana. They alleged that just after the closing, Weiss transferred ownership of the vessel to Green Shoe, Ltd., a British Virgin Islands entity. Green Shoe, Ltd. was a company wholly-owned by Weiss. A copy of a Bill of Sale dated March 23, 2000, reflected that Green Shoe Ltd. took title to the vessel. Later, Strategic Diversity, Inc. took title to the vessel. Johansen and Dunn maintained that "if Weiss is not the legal owner of the vessel, then Weiss is an improper party to the actions Weiss has filed against Johansen and Dunn."
Weiss argues that he has standing to bring his claims under rule 1.210, Florida Rules of Civil Procedure, as the real party in interest to the transaction at issue, and/or based upon the fact that he personally relied upon misrepresentations made as to the superior condition of the vessel. As to the former argument, questions of fact remain as to whether Weiss has standing as a real party in interest; as to the latter argument, Weiss clearly has standing to pursue his fraud claim.
Johansen claims that Weiss lacked standing to sue in his own name by virtue of the fact that he elected to have the vessel's title placed in the name of Green Shoe, Ltd., rather than in his own name.
Rule 1.210(a), Florida Rules of Civil Procedure, provides:
Every action may be prosecuted in the name of the real party in interest, but a personal representative, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff.
Standing depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation. See Nedeau v. Gallagher, 851 So.2d 214, 215 (Fla. 1st DCA 2003). The interest cannot be conjectural or merely hypothetical. See id. at 216. Furthermore, the claim should be brought by, or on behalf of, the real party in interest. See id. Standing encompasses not only this "sufficient stake" definition, but also the requirement that the claim be brought by or on behalf of one who is recognized in the law as a "real party in interest," that is the person in whom rests, by substantive law, the claim sought to be enforced. See Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1183 (Fla. 3d DCA), review denied, 476 So.2d 675 (Fla.1985).
In this case, issues of fact exist as to whether Weiss was a real party in interest or a nominal party in order to advance this action. It is undisputed that Johansen and Weiss entered into a series of purchase agreements regarding the sale of the Gitana to Weiss. Johansen, in his deposition acknowledged that Weiss was buying the vessel for his own use and did so with his own money. While it is quite clear from the record evidence that Weiss was the intended buyer of the vessel, it is also clear that title was transferred to Green Shoe, Ltd. following the closing.
*1012 As to the fraud claim, Weiss clearly possesses standing to assert this claim since "relief in equity against fraud is personal to the one defrauded." See Maling Corp. v. Ladan Corp., 85 So.2d 607, 608 (Fla.1956). Weiss clearly alleges in his pleadings that Johansen and/or his agents made false representations and/or concealed defects in the vessel, upon which Weiss detrimentally relied in order to induce him to purchase the vessel at issue. Weiss claims that he suffered injury by purchasing a vessel possessing several defects. Accordingly, material questions of fact remain for resolution by the trier of fact.
With regard to Weiss's breach of warranty of merchantability claim, Weiss maintains that since he personally contracted for the purchase of the vessel, he stands in privity of contract with Johansen, thereby entitling him to bring this claim. We disagree.
As to standing, in order to recover for the breach of a warranty either express or implied, the plaintiff must be in privity of contract with the defendant. See T.W.M. v. Am. Med. Sys., Inc., 886 F.Supp. 842, 844 (N.D.Fla.1995); Intergraph Corp. v. Stearman, 555 So.2d 1282 (Fla. 2d DCA 1990) (privity is required in order to recover damages from the seller of a product for breach of express or implied warranties).
Weiss's argument that he falls within the UCC's definition of "buyer" as someone who buys or contracts to buy goods, fails to address the fact that based upon all the record evidence, Weiss assigned or transferred his interests under the purchase agreement to Green Shoe, Ltd. See § 672.103, Fla. Stat. While he may have been in privity with Johansen, he no longer possessed any rights under the contract to advance a claim for breach of the implied warranty of merchantability because he did not acquire the vessel in his individual capacity. Accordingly, the trial court did not err in entering summary judgment on this count.
For the same reasons discussed above, a material question of fact exists as to whether Weiss should be considered a real party in interest on his claims of fraud and civil conspiracy against Dunn.
We accordingly reverse and remand with directions that appellant's counterclaim against Johansen and his third party claim against Dunn be reinstated.
REVERSED AND REMANDED with directions.
TAYLOR, J., concurs.
FARMER, C.J., concurs specially with opinion.
FARMER, C.J., concurring specially.
I would also reverse as to the issue involving the claim of breach of warranty of merchantability. Weiss is in direct privity with the seller. It was only after the closing that he transferred the title on the vessel to his closely held corporation. This post closing transfer has no effect on his status as the contracting party to whom the contractual warranties were directly made. Nothing in this record implies that in transferring title to his closely held corporation he waived any right to assert the warranties of merchantability made by the seller directly to him. Nothing suggests that the warranties given to him personally were instead transferred irrevocably to the corporation. There is absolutely no legal basis to suppose that he is not still entitled to assert a breach of the warranties. In all other respects, I concur in the opinion of the majority.