SALCINES, Judge.
Accela, Inc., and CRW Systems, Inc., d/b/a CRW Associates, appeal the final summary judgment entered in favor of defendants, Sarasota County and CSDC Systems, Inc. The trial court determined that Accela and CRW lacked standing to proceed. We reverse.
*238 Accela and CRW were plaintiffs below who asserted that the County had improperly awarded contracts to CSDC Systems for computer software and maintenance services without first obtaining competitive bids or proposals. They alleged that the Sarasota County Procurement Code requires such competitive bidding. However, they acknowledged that the Code contains an exception to the requirement for competitive bidding. The plaintiffs complained that they stood ready, willing, and able to submit a competitive bid or proposal had the County invited such bids or proposals. They further assert that even if the exception to the competitive bidding is valid, the County did not abide by the Code’s requirements for the use of that exception.
After the hearing on the motions for summary judgment filed by the County and CSDC, the trial court entered an order granting the motions. It concluded, “The Plaintiffs just don’t have standing.” The summary judgment order was erroneous because “[sjtanding depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation.” See Nedeau v. Gallagher, 851 So.2d 214, 215-16 (Fla. 1st DCA 2003). In the present case, the plaintiffs had standing to complain because they were potential competitors who had a right to seek a determination of whether competitive bidding was required. See, e.g., Randall Indus., Inc. v. Lee County, 307 So.2d 499, 501 (Fla. 2d DCA 1975). Therefore, we reverse the final summary judgment and remand for further proceedings.
In this appeal, the parties also present arguments directed to language in the trial court’s order that appears to address the merits of plaintiffs’ claims. We decline to address those arguments because standing was the only issue before the trial court and the .trial court was without authority to consider the merits of plaintiffs’ claims after it determined that the plaintiffs lacked standing.
Reversed and remanded for further proceedings.
FULMER and SILBERMAN, JJ., Concur.