937 So.2d 1141 (2006)
WARREN TECHNOLOGY, INC., etc., Appellant,
v.
CARRIER CORPORATION, etc., Appellee.
No. 3D05-1523.
District Court of Appeal of Florida, Third District.
August 16, 2006.
Rosemary B. Wilder, Coral Gables, for appellant.
Gordon, Hargrove & James and W. Kent Brown, Ft. Lauderdale; Day, Berry & Howard and Michael A. Bucci, Hartford, CT, for appellee.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
FLETCHER, Judge.
Warren Technology, Inc. seeks review of an adverse summary judgment in its action against Carrier Corporation on various claims of misrepresentation and deceptive trade practices. Finding that Warren lacks standing, we affirm.
Warren manufactures electric heaters for use in heating, ventilation and air conditioning (HVAC) units. Carrier, *1142 which manufactures and installs HVAC units, purchased electric heaters from Warren. When the heaters began to overheat and malfunction, Carrier blamed Warren and ceased doing business with them. Warren filed the instant five-count complaint against Carrier alleging that Carrier's misleading labeling of the voltage on its unit was the actual cause of the failures.[1]
A plaintiff must demonstrate the existence of an actual controversy between the plaintiff and the defendant in which plaintiff has a sufficient stake or cognizable interest which would be affected by the outcome of the litigation in order to satisfy the requirements of standing. See Weiss v. Johansen, 898 So.2d 1009, 1011 (Fla. 4th DCA 2005); Nedeau v. Gallagher, 851 So.2d 214 (Fla. 1st DCA 2003). Although it has pointed out a disagreement between the parties, Warren has failed to demonstrate how its interests would be affected by our resolution of the issue presented. Warren has not shown that it suffered any injury caused by Carrier, other than losing the latter's business. Carrier was free to terminate its relationship with Warren for any reason. Thus, our resolution of the factual basis for the reason given by Carrier for its termination would simply be an advisory opinion. That is not this court's role. We, therefore, affirm the judgment below.
Affirmed.
NOTES
[1] Warren's complaint included counts for fraudulent misrepresentations of fact (count I); negligent misrepresentations of factproduct labeling (count II); negligent misrepresentations of fact, statements of product defect (count III); defamation/trade disparagement (count IV); and violation of Florida's Deceptive and Unfair Trade Practices Act (count V). Upon Carrier's motion, the trial court granted summary judgment on all counts and a final judgment in favor of Carrier. In this appeal, Warren sought review only of the summary judgment entered on counts I, II and V on several grounds. Because we find that Warren does not have standing to pursue this action, we need not address the trial court's ruling on the merits of these claims.