ROTHENBERG, J.
 

 Leo Greenfield (“Greenfield”) appeals from the trial court’s order dismissing him as a party plaintiff involved in this lawsuit against City First Mortgage, Inc. and MSJ Investors, Inc. (collectively, “the Lender Defendants”), and Eric P. Stein and Eric P. Stein, P.A. (collectively, “the Stein Defendants”). Because we agree that Greenfield was properly dismissed for a lack of standing, we affirm.
 

 Greenfield is a shareholder of Distribution Management Services, Inc. (“DMS”), a corporation that contracted with an unrelated third party to make a substantial purchase of real property. DMS also entered into an agreement with the Lender Defendants to obtain the necessary financing. Greenfield was released from any personal liability on the loan documents.
 
 *968
 
 The Stein Defendants represented the Lender Defendants at the closing. Greenfield and DMS sued the Lender Defendants and the Stein Defendants, alleging a violation of Florida’s usury law, breach of contract, and conversion.
 
 [1]
 

 Both the Lender Defendants and the Stein Defendants moved for the dismissal of Greenfield as an individual party plaintiff. The trial court granted the motions to dismiss Greenfield in two separate orders. Greenfield’s subsequent motion for rehearing of those orders was denied, and this appeal followed.
 

 It appears that Greenfield has chosen only to appeal the trial court’s order granting the Lender Defendants’ motion to dismiss Greenfield as a party plaintiff with prejudice and the denial of Greenfield’s motion for rehearing. Because we agree with the trial court that based on the allegations in the complaint, Greenfield lacked standing to proceed as an individual party plaintiff, we affirm.
 

 Greenfield, a shareholder of DMS, is not proceeding in a derivative capacity. Additionally, it was DMS that contracted to acquire the property which is the subject of this litigation. DMS, not Greenfield, acquired the property, transferred some of the property to the Lender Defendants either as consideration for the loan or as a sale, and is the primary borrower on the loan. Greenfield was never listed in the chain of title of the real estate, and it is undisputed that he was released as both maker and guarantor of the loan. We therefore conclude that Greenfield lacks standing to prosecute DMS’s claims in his own name and that the trial court correctly granted the motion to dismiss Greenfield as a party plaintiff.
 
 See Weiss v. Johan-sen,
 
 898 So.2d 1009, 1011 (Fla. 4th DCA 2005) (providing that “[sjtanding depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation.... Furthermore, the claim should be brought by, or on behalf of, the real party in interest”);
 
 James Talcott, Inc. v. McDowell,
 
 148 So.2d 36, 37 (Fla. 3d DCA 1962) (noting the general rule that shareholders, officers, and directors do not have standing to prosecute the corporation’s claim in their own name).
 

 It appears that the only orders on appeal are the trial court’s order granting the Lender Defendants’ motion to dismiss Greenfield as a party plaintiff and the order denying Greenfield’s motion for rehearing. However, because Greenfield’s initial brief also addresses his objections to the trial court’s order granting the Stein Defendants’ motion to dismiss Greenfield as a party plaintiff with prejudice, and certain counts of the complaint with prejudice and others without prejudice, we briefly dispense with those arguments.
 

 First, we re-emphasize that according to the allegations in the complaint DMS, not Greenfield, is the true party in interest. Therefore, because Greenfield now attempts to appeal the trial court’s orders dismissing claims brought by DMS, we decline review because: (1) Greenfield has no standing to appeal on behalf of DMS; (2) the order dismissing some of the claims brought by DMS, without prejudice and with leave to amend, is a non-final order as to DMS and not appealable by DMS; (3) and DMS has since voluntarily dismissed these consolidated cases, so any objection
 
 *969
 
 to the dismissal of claims brought by DMS is now moot.
 

 Affirmed.
 

 [1]
 

 . Greenfield and DMS have filed at least six separate Florida cases based upon this same transaction: three Miami-Dade cases which have been consolidated; a Polk County case which was dismissed; a Broward County case which was dismissed; and a new Miami-Dade case which was filed during the pen-dency of this appeal.