SALTER, J.
 

 This appeal was purportedly commenced from a circuit court order in a lawsuit brought by Distribution Management Services, Inc., and Leo Greenfield. The order in question was captioned “Order Granting Motion for Reconsideration of Order Dated November 21, 2008 Granting Plaintiffs Motion to Vacate Order of June 6, 2008
 
 *645
 
 Pursuant to Fla. R. Civ. P. 1.540(b) in that Court Was Without Jurisdiction to Enter the Order, Vacating Same, and Substituting the Within Order in Its Stead.” The text of the Order, and prior orders in the same case, described a series of procedural maneuvers by the appellants, in three judicial circuits, obviously calculated to delay a commercial foreclosure in Polk County, Florida.
 

 The very filing of the notice of appeal was immediately called into question by the appellees. One of the appellants, former Florida attorney Leo Greenfield,
 
 [1]
 
 signed the notice of appeal on behalf of attorney Guy Bailey, Jr., in a signature block for counsel for Distribution Management Services, Inc. In short order, for reasons having nothing to do with this case, Bailey himself was disbarred.
 

 Bailey and his firm then withdrew as counsel for Distribution Management Services, Inc., and a motion for extension of time to file the reply brief was then filed (based on Distribution Management Services, Inc.’s successor counsel’s purported need to review the file). “Purported” is once again the correct term, because it developed (in subsequent affidavits directed by this Court to be filed by the purported successor counsel and by Greenfield) that purported successor counsel for Distribution Management Services, Inc. had not authorized anyone to file a motion for extension of time on his behalf, to sign any such motion, or to enter any other form of appearance in this appeal. An inspection of the motion for extension of time revealed that only photocopied signatures were filed, and that they were strikingly similar to those filed in a circuit court pleading. In his own sworn affidavit, Greenfield denied having filed the unauthorized photocopied signature.
 
 [2]
 
 The purported successor counsel and yet another prospective successor attorney for Distribution Management Services, Inc. withdrew, leaving Distribution Management Services, Inc. without representation.
 

 Following these revelations, we dismissed Distribution Management Services, Inc.’s appeal with prejudice. We now turn our attention to Greenfield, the remaining appellant.
 

 Upon a review of the order sought to be reviewed and the prior proceeding in this Court (in which Greenfield unsuccessfully challenged an order dismissing his claims with prejudice in the underlying circuit court case),
 
 [3]
 
 it is apparent that Greenfield’s later attempts to re-inject himself into the case below were frivolous. Accordingly, we now summarily affirm the trial court’s order under Florida Rule of Appellate Procedure 9.315(a). Greenfield’s motion for oral argument is denied as moot. The appellees’ renewed motion for their attorneys’ fees and costs as a sanction against Greenfield (July 31, 2009) is granted and remanded to the circuit court for a determination of the amount of such fees and costs.
 
 [4]
 

 
 *646
 
 Finally, the Court is transmitting a copy of this opinion, the motion purportedly signed by successor counsel for an extension of time, the affidavits of successor counsel and Greenfield, and related pleadings to The Florida Bar so that it may determine whether further investigation is appropriate.
 

 Affirmed.
 

 [1]
 

 . Greenfield’s disciplinary resignations, tantamount to disbarment, are reported at
 
 The Florida Bar v. Greenfield,
 
 868 So.2d 525 (Fla.2004), and 634 So.2d 628 (Fla.1994).
 

 [2]
 

 . The record does not disclose any other party or attorney who would have an interest in filing the dilatory motion.
 

 [3]
 

 . In case No. 3D08-773, the order of dismissal was affirmed.
 
 Greenfield v. Stein,
 
 16 So.3d 967 (Fla. 3d DCA 2009).
 

 [4]
 

 .Greenfield’s pending "emergency motion for an additional ten days’ extension of time of for the filing of appellants' reply brief" is denied. Although the Court granted prior extensions of time for that purpose, the last such extension period
 
 sought
 
 by the emergency motion has also expired and no further motion has been filed. The grounds for an extension as described by Greenfield are also facially inconsistent with his demonstrated ability to file a reply brief on November 9,
 
 *646
 
 2009 and his appearance in person for oral argument on November 18, 2009, in Case No. 3D08-2224.