LEVY, Judge.
Defendants appeal a non-final order granting plaintiff’s motion for default and the adverse final judgment entered thereafter awarding damages, attorney’s fees, and costs. We affirm in part and reverse in part.
In August of 1986, Network Security Acceptance Corporation (Network) and AVD Security Systems entered into a purchase agreement under which AVD sold Network certain contracts for monitored burglar alarm systems.
Problems developed concerning the payments which AVD was receiving from customers, and which it was to forward on to Network. In June of 1988, Network sued AVD. Network initiated the suit by serving Jose A. Garcia, AVD’s president and registered agent, and sought a preliminary injunction requiring AVD to turn over the contracts to Network and, further, to de *402 posit the monies collected on these contracts into the court registry. The court granted the preliminary injunction, and, when Network attempted to discover the amounts due and the amounts collected on these contracts, Garcia, acting on behalf of AVD, repeatedly acted so as to thwart this discovery. He failed to appear for numerous depositions, did not provide his bookkeepers for deposition or provide suitable addresses so that Network could find them, did not provide his company’s books and records, and failed to answer interrogatories. Counsel for AVD finally entered an appearance on September 28, 1988, and, following a hearing the next day on Network’s Motion for Order Compelling Discovery and for Sanctions, Garcia was ordered to appear for the taking of his deposition and AVD was ordered to make its bookkeeper available for deposition. The order also directed that AVD’s failure to comply would result in the striking of its pleadings and the entry of other sanctions. Neither Garcia nor AVD complied. In November of 1988, Network amended its Complaint to include a count alleging individual liability on Garcia’s part, and sent a copy of this amended complaint to AVD’s counsel. On January 31, 1989, counsel for AVD filed a “Reply to Plaintiff’s Motion for Entry of Order of Sanctions Against Defendant,” the commencement portion of which indicated that the reply was made on behalf of both AVD and Garcia. It was not until February 2,1989, however, that Garcia was formally served with the amended complaint.
One day earlier, on February 1, 1989, a hearing had been held on Network’s Renewed Motion for Entry of Order of Sanctions against AVD. There had still been no compliance with the requested discovery, and, at the hearing, the court specifically found that defendant (singular) “has engaged in a course of conduct to thwart discovery,” and ordered defendants (plural) to “provide the addresses for each and every employee of AVD during the period August 21, 1986 to [February 1, 1989].” The order provided no time limits although, at the hearing which generated this order, the court gave the defendant (singular) five days from the date of the hearing to provide the addresses, failing which a default would be entered. When the five days passed and the addresses weren’t provided, Network moved for entry of default against both defendants. The next day, Network received what it felt was a wholly inadequate response to its interrogatories that requested the addresses of AVD’s bookkeepers. At an April 7, 1989, hearing, the court granted Network’s Motion for Default against both defendants. AVD’s and Garcia’s timely motion for rehearing was denied, and they appealed the order granting the motion for default against them. AVD and Garcia also appeal the final judgment, predicated on the defaults, that were subsequently entered against them.
We affirm that portion of the trial court’s April 7, 1989, order which granted Network’s motion for default against the corporate defendant AVD, and that portion of the final judgment which, likewise, addressed the liability of the corporate defendant. The trial court’s February 1, 1989, order specifically stated that “it appears to this Court that the Defendant has done each and every thing to thwart discovery in this cause,” and we find that the record is replete with substantial competent evidence reflecting not only AVD’s ignorance and disregard of the rules of civil procedure, but also its continuous pattern of willful, contemptuous and contumacious disregard of lawful court orders concerning its obligation to comply with reasonable discovery requests. See Mercer v. Raine, 443 So.2d 944 (Fla.1983); Fla.R.Civ.P. 1.380(b)(2)(C). We reject appellants’ argument that all discovery was ultimately produced, albeit late, and that Network was not substantially prejudiced by the delay.
While we are not unmindful that, from the inception of this litigation, Garcia was the prime mover behind AVD’s “efforts” at compliance (or, perhaps, more realistically, noncompliance), we must nonetheless reverse those portions of the order and judgment under review which are directed against Garcia in his individual capacity. We cannot ignore clear record evi *403 dence that, although the complaint was amended in November of 1988 to include an allegation of individual liability against Garcia, the fact remains that he was not served with process until February 2, 1989, one day subsequent to the date of both the hearing on Network’s Renewed Motion for Sanctions (the original of which was directed only to AVD) and the last court order requiring the completion of discovery. While it can be argued that Garcia submitted himself to the jurisdiction of the court through the January 31, 1989, filing of the “Reply,” it cannot be argued that Garcia was a party defendant, in his individual capacity, at any time prior to that date. At the earliest, Garcia was, arguably, only subject to the jurisdiction of the court in his individual capacity as of January 31, 1989. His actions (and inactions) prior thereto occurred in his representative capacity only.
Assuming arguendo, then, that Garcia is seen as having been subject to the court’s jurisdiction as of January 31, 1989, it is clear that, in his individual capacity, he could only have disobeyed one court order, that being the one dated February 1, 1989, and it is only arguable that this order even applied to him in his individual capacity at all inasmuch as this order is internally inconsistent in that it speaks in terms of both “defendant” (singular) and “defendants” (plural) and, ultimately, only gives “defendant” (singular) five days within which to comply. We cannot say that the order by its terms is properly directed to both Garcia and AVD, and, in fact, AVD appears to be the only defendant subject to the court’s jurisdiction as of February 1, 1989. When the matter is viewed from this perspective, it is clear that Garcia, in his individual capacity, was defaulted for, at most, individually violating only one order. We find that this sanction against Garcia in his individual capacity is not commensurate with his possible discovery violation in his individual capacity, and, thus, is too harsh a sanction. See Mercer; Pilkington PLC v. Metro Corp., 526 So.2d 943 (Fla. 3d DCA 1988).
Accordingly, the order and judgment of the trial court are affirmed as to AVD and reversed as to Garcia individually.
Affirmed in part, reversed in part.