651 So.2d 701 (1995)
AMLAN, INC., a Florida corporation, and Mulder-Hardenberg, B.V., a foreign corporation, Appellants,
v.
DETROIT DIESEL CORPORATION, a/k/a Detroit Diesel Allison, a Delaware corporation, Florida Detroit Diesel/Allison, a/k/a Key Power, a Delaware corporation, Appellees.
Nos. 92-2041, 93-1367.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
Rehearing Denied March 21, 1995.
*702 Robert L. Jennings and Robert R. Edwards of Jennings, Valancy & Edwards, P.A., Fort Lauderdale, for appellants.
Douglas J. Chumbley and Wendy F. Lumish of Popham, Haik, Schnobrich & Kaufman, Ltd., Miami, for appellee-Detroit Diesel Corp.
Matt Weinstein, South Miami, for appellee-Florida Detroit Diesel/Allison.
PARIENTE, Judge.
This lawsuit involved claims of breach of contract and fraud arising out of malfunctioning marine engines manufactured by appellees, Detroit Diesel Corporation (Detroit Diesel) and Florida Detroit Diesel/Allison, and installed in appellants' (plaintiffs') custom made luxury yachts. We have sua sponte consolidated the appeal from the final judgment with a collateral appeal arising from a post-trial motion for sanctions in connection with pretrial discovery abuses. We affirm the final judgment in all respects, but write to address one of the points raised on appeal directed to the trial court's evidentiary rulings: the trial court's refusal to allow the jury to hear evidence of appellee Detroit Diesel's pretrial discovery conduct in connection with plaintiffs' liability case.
On the collateral appeal, we address the trial court's jurisdiction to consider the post-trial motion for sanctions against Detroit Diesel related to the same discovery conduct plaintiffs unsuccessfully sought to introduce before the jury. Because this appeal involved issues related to the same discovery conduct involved in the motion for sanctions, the trial court was divested of jurisdiction to consider the motion for sanctions during the pendency of this appeal. However, we do not find that the filing of the motion for sanctions seeking attorney's fees after the entry of the final judgment rendered the motion untimely. Therefore, upon remand, the trial court may properly consider the previously-filed motion for sanctions.

BACKGROUND
These consolidated appeals arise from alleged discovery abuses following routine discovery requests made after the complaint was filed. Plaintiffs served a request to produce on Detroit Diesel seeking warranty records and the repair history of the same model engine involved in the lawsuit. Detroit Diesel objected, claiming that the request was burdensome and harassing and that compliance was virtually impossible. Specifically, Detroit Diesel stated it would have to hire laborers to search by hand the serial numbers of over 200,000 warranties, generated over a fifteen-year period, to comply with the request.
After much time and expense, including two trips to Michigan to inspect the documents authorized by court order, plaintiffs finally determined that Detroit Diesel maintained a computerized unit history on every engine so that the information originally requested would have been quickly and easily retrievable. Plaintiffs ultimately obtained the documents. At trial, plaintiffs unsuccessfully sought to introduce evidence of Detroit Diesel's pretrial conduct. Specifically, plaintiffs sought to introduce evidence that counsel for Detroit Diesel made misrepresentations to the trial court about the existence and availability of crucial documentation and that Detroit Diesel had hindered plaintiffs' search for records at Detroit Diesel's home office by denying them access to microfilm machines and interfering with plaintiffs' efforts to copy documents.
*703 After entry of the final judgment in favor of Detroit Diesel, plaintiffs moved for attorney's fees based on discovery misconduct. The motion for sanctions details in twelve pages the saga of plaintiffs' thwarted and prolonged discovery efforts, including the two trips made to Michigan headquarters by plaintiffs' attorney and a hired computer specialist. The motion recites a history of the tremendous time wasted and expense incurred by plaintiffs' counsel because of Detroit Diesel's initial claim that was subsequently shown to be unfounded. Not until the trial court entered an order allowing plaintiffs' counsel and a computer specialist to travel to Michigan to search the records themselves did plaintiffs eventually learn that the requested information had been computerized and could be retrieved easily by computer without requiring an intensive manual search. Plaintiffs alleged a deliberate pretrial pattern of stalling and deceit by Detroit Diesel which consumed precious discovery time and hindered examination of the records.

DISCOVERY MISCONDUCT
Sanctions are authorized and appropriate where a trial court finds, based on the record before it, that a party has engaged in a pattern designed to thwart discovery evincing a "continuous pattern of willful, contemptuous and contumacious disregard of lawful court orders concerning its obligation to comply with reasonable discovery requests" even if all discovery is ultimately produced and the opposing party is not substantially prejudiced by the delay. AVD Enters., Inc. v. Network Sec. Acceptance Corp., 555 So.2d 401, 402 (Fla. 3d DCA 1989). Florida Rule of Civil Procedure 1.380 provides a panoply of potential remedies for discovery abuses, from monetary sanctions to striking of all or part of a party's pleadings or defenses. See, e.g., Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Continental Casualty Co. v. Morgan, 445 So.2d 678 (Fla. 4th DCA 1984); Watson v. Peskoe, 407 So.2d 954 (Fla. 3rd DCA 1981); Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980); AVD Enters.; Agencias Maritimas Nicaraguenses, S.A. v. Usatorres, 435 So.2d 247 (Fla. 3d DCA 1983); Pinakatt v. Mercy Hosp., Inc., 394 So.2d 441 (Fla. 3d DCA 1981).
While sanctions imposed on the offending party in this case would be within the trial court's discretion, depending on the nature and extent of the party's misconduct, the trial court also had discretion to refuse to permit the jury to hear the details of the pretrial discovery process. There had been no prior determination by the trial court that discovery misconduct had taken place. Detroit Diesel disputed any willful obstruction of the discovery process. Given this scenario, the trial court could properly find that the probative value of this collateral evidence might distract the jury from the main issues on liability.
Discovery abuses, like those alleged by plaintiffs to have occurred, should not be tolerated by the judicial system. However, evidence concerning discovery violations during the pretrial process should, in most cases, be evaluated by the trial court which can then impose appropriate sanctions, including sanctions having evidentiary import. Evidence related to the history of pretrial discovery conduct should normally not be a matter submitted for the jury's consideration on the issues of liability. See Emerson Elec. Co. v. Garcia, 623 So.2d 523 (Fla. 3d DCA 1993).
We distinguish cases in which the misconduct alleged is the destruction or unexplained disappearance of crucial evidence. In those cases, an instruction may be given concerning the inference that the withheld or missing evidence would be unfavorable to the party failing to produce the evidence. Also the destruction or unexplained absence of crucial evidence may result in a permissible shifting of the burden of proof. A jury may properly receive evidence and be instructed on the unexplained disappearance of evidence. See, e.g., Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla. 1987); Bird v. Hardrives of Delray, Inc., 644 So.2d 89 (Fla. 4th DCA 1994.) The discovery abuses alleged to have been committed by Detroit Diesel in this case are not of the type which have such evidentiary value.

*704 THE POST-TRIAL MOTION FOR SANCTIONS
The separate issue presented on the cross-appeal is the trial court's jurisdiction to entertain a motion for sanctions directed to pretrial discovery violations first filed by plaintiffs after the entry of final judgment. Detroit Diesel contends the motion for sanctions is untimely because plaintiffs waited until after trial and after the entry of a final judgment to file the motion for sanctions. However, plaintiffs point out that when they sought to introduce the evidence of discovery misconduct at trial, Detroit Diesel took the position that the proper way to handle the issue was through a motion for sanctions.
The fact that the motion for sanctions was filed post-trial would not alone render the motion untimely and the court without jurisdiction to consider it. The broadly stated rule is that ordinarily upon entry of a final judgment, a court has no further jurisdiction over the matter in controversy unless provided by statute or rule or unless jurisdiction has been specifically reserved. See Estate of Paulk v. Lindamood, 529 So.2d 1150, 1153 (Fla. 1st DCA 1988). The limited exceptions to this broad rule generally include collateral matters such as taxation of costs and prevailing party attorney's fees. See Kennedy v. Alberto, 649 So.2d 286 (Fla. 4th DCA 1995). A motion for sanctions seeking attorney's fees and reasonable expenses as a result of discovery abuses and alleged violations of court orders properly falls within the exception to the rule as an independent and collateral claim.
In Roberts v. Askew, 260 So.2d 492 (Fla. 1972), the supreme court held that a prevailing party's costs may be adjudicated after final judgment, during the pendency of an appeal or after the appeal has been concluded. In Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), the supreme court determined that a trial court was not without jurisdiction to entertain the plaintiffs' motion for "prevailing party" attorney's fees filed after the final judgment on the main claim and after the appeals time had expired.
The supreme court in Finkelstein adopted the reasoning of the United States Supreme Court in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), finding that a post-judgment motion for prevailing party attorney's fees was a "collateral and independent claim" which the trial court has continuing jurisdiction to entertain, when the motion is filed within a reasonable time, "notwithstanding that the litigation of the main claim may have been concluded with finality." Finkelstein, 484 So.2d at 1243. Following Finkelstein, the supreme court held that where a prevailing party had properly pleaded entitlement to attorney's fees pursuant to the terms of a contract, the trial court had jurisdiction to entertain a motion filed after final judgment. Parham v. Price, 499 So.2d 830 (Fla. 1986).
In McGurn v. Scott, 596 So.2d 1042 (Fla. 1992), the supreme court distinguished a final judgment which reserved jurisdiction to consider prejudgment interest from post-judgment adjudications of attorney's fees and costs. An award of attorney's fees and costs is ancillary to, and does not interfere with, the subject matter of the appeal, and thus, is incidental to the main adjudication. Id. at 1044. On the other hand, prejudgment interest, as an element of damages directly related to the main issues in controversy, is not properly considered after the entry of a final judgment. Likewise, the supreme court in Finkelstein distinguished Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980), reasoning that attorney's fees in dissolution proceedings are intended to equalize the positions of the parties and are part of the property to be distributed in the final decree; thus, they do not constitute a collateral and independent claim. Finkelstein, 484 So.2d at 1243.
Monetary sanctions for discovery abuses are not an element of damages, but constitute a collateral and independent claim for attorney's fees and costs arising from litigation-related discovery abuses. Consistent with the reasoning of the above cases, a motion for sanctions for pretrial discovery abuses filed after the entry of a final judgment may be appropriately considered by the trial court.
The purpose of the Rules of Civil Procedure is to promote the orderly movement of *705 litigation. Mercer, 443 So.2d at 946. Specifically, the enforcement of rule 1.380 protects the integrity of the judicial system and its litigants by sanctioning a party engaged in discovery abuses. Florida Rule of Civil Procedure 1.380(b)(2)(E) provides that in the event of a violation of a discovery order, "the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure that may include attorneys' fees, unless the court finds that the failure was justified... ."
We acknowledge that unlike costs and prevailing party attorney's fees, a motion for sanctions addressed to pretrial discovery conduct does not depend on who is the prevailing party. However, in determining the issue of whether a party's conduct amounted to discovery misconduct and whether the failure was justified, the actual trial of the case may assist the trial court in understanding the true significance of the discovery sought and the motivation of either party to thwart legitimate discovery efforts.
Many of the authorized sanctions, such as striking pleadings or prohibiting a party from introducing designated matters into evidence, contemplate that both the motion for sanctions and the hearing be held pretrial. However, the often-used sanction of imposing attorney's fees and reasonable expenses, the sanction sought by plaintiffs here, does not necessitate that a hearing be held pre-trial. Even if a motion for sanctions seeking attorney's fees and costs is filed pretrial, a trial court may determine that it is more efficient to handle the matter at the conclusion of trial and defer ruling to the time it would otherwise consider prevailing party attorney's fees and costs. For example, in Dean Witter Reynolds, Inc. v. Hammock, 489 So.2d 761, 764 (Fla. 1st DCA 1986), the hearing on a motion for assessment of attorney's fees directed to discovery abuses in document production was held after the denial of the motion for new trial and after the appeal from those orders.
We are not faced with the problem of notice as in Stockman v. Downs,[1] because in this case, plaintiffs addressed the very matters which were the subject of the post-trial motion for sanctions at various discovery hearings, even though a formal motion for sanctions had not been filed. Detroit Diesel can hardly claim unfair surprise. It opposed introduction of the evidence related to the discovery misconduct at trial not based on lack of notice, but because it contended the matter should be properly addressed through a motion for sanctions.
We would still encourage the prompt filing of a motion for sanctions addressed to discovery abuses, giving the trial court the discretion to defer ruling and alerting the trial court to the problem early on. Part of the object of rule 1.380 is not to penalize, but to vest the trial court with discretion to fashion an appropriate remedy to obtain compliance with ongoing discovery. Florida Physicians Ins. Reciprocal v. Baliton, 436 So.2d 1110, 1112 (Fla. 4th DCA 1983). An earlier filed motion for sanctions may have also benefitted plaintiffs because it would have allowed the trial court to consider sanctions against Detroit Diesel having evidentiary significance, such as the striking of all or part of its pleadings. However, the delay in filing the motion for sanctions does not deprive the trial court of jurisdiction to consider the motion post-trial and if appropriate, to impose sanctions on Detroit Diesel.

THE NOTICE OF APPEAL
Finally, we consider the effect of the filing of the notice of appeal on the trial court's jurisdiction to consider the motion for sanctions. One day after filing the motion for sanctions, plaintiffs filed the notice of appeal from the final judgment. An appellate court's jurisdiction is exclusive at least as to *706 the subject of the appeal. McGurn, 596 So.2d at 1045; Willey v. W.J. Hoggson Corp. 89 Fla. 446, 451, 105 So. 126, 128 (1925).
[A] trial court is divested of jurisdiction upon notice of an appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court.
Palma Sola Harbour Condo., Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979); see also McGurn, 596 So.2d at 1045. Ordinarily, the filing of the notice of appeal would not affect the trial court's jurisdiction to determine an independent and collateral claim, such as a motion for attorney's fees or costs or a motion for sanctions because they are ancillary to and do not interfere with the subject matter of the appeal and are thus incidental to the main adjudication. McGurn, 596 So.2d at 1044; see Kennedy.
In this case, because issues in the main appeal related to the propriety of the trial court's rulings prohibiting evidence of discovery abuses are directly intertwined with the issues involved in the motion for discovery sanctions, the trial court properly declined to consider the motion during the pendency of the appeal. Compare Ruby Mountain Constr. & Dev. Corp. v. Raymond, 409 So.2d 525 (Fla. 5th DCA 1982). On remand the trial court may properly consider the previously-filed motion for sanctions.
The appeal and cross-appeal are affirmed with directions to the trial court to consider the motion for sanctions upon remand.
POLEN, J., and GROSS, ROBERT M., Associate Judge, concur.
NOTES
[1] In Stockman v. Downs, 573 So.2d 835, 837 (Fla. 1991), the Florida Supreme Court determined that although proof of attorney's fees is not integral to the main cause of action and requires consideration of factors distinct from the merits of the main action, and may be adjudicated post-judgment, attorney's fees should be pled and failure to do so constitutes a waiver. The court focused on the issue of notice, expressing its concern that pleading entitlement to prevailing party attorney's fees was necessary to notify the opposing party of the claims alleged and prevent unfair surprise. The court recognized an exception when a party has notice and by its conduct recognizes, acquiesces or otherwise fails to object. Id. at 838.