CASANUEVA, Judge.
Stephen and Cynthia Vaughan raise two issues in their appeal from a summary judgment foreclosing their real property. They first assert that the trial court erred in determining that First Union National Bank of Florida’s judgment was barred by the “two dismissal rule.” We conclude *1217 that the foreclosure was not barred by the rule set forth in rule 1.420(a)(1), Florida Rules of Civil Procedure, and affirm without further discussion. The Vaughans next assert that the trial court erred in holding that they lacked standing to challenge the award of attorneys’ fees and costs to First Union. We find the contention meritorious and reverse.
First Union initiated a foreclosure action against a multitude of defendants, including Stephen D. Vaughan and Cynthia J. Vaughan, who are the only parties to this appeal. First Union had obtained a mortgage on the real property in 1989 from June C. Vaughan and George Vaughan, who later conveyed title to the property to their son, Stephen, and his wife, Cynthia. Stephen and Cynthia Vaughan resided in the home during the pendency of the foreclosure litigation.
First Union ultimately filed a successful motion for summary judgment of foreclosure as well as a motion to tax attorneys’ fees and costs. The Vaughans objected to the attorneys’ fees and costs claims and requested a hearing, but the trial court determined that they lacked standing to contest those sums because the Vaughans would not be personally hable for any deficiency due to an earlier-filed bankruptcy. Accordingly, the trial court entered a final judgment, including attorneys’ fees and costs based on affidavits submitted by First Union.
Any litigant must demonstrate that he or she has standing to invoke the power of the court to determine the merits of an issue. Here, First Union sought to foreclose its mortgage on real property to which the Vaughans held legal title. The complaint itself established that both First Union and the Vaughans were entitled to an adjudication of the issues raised by the allegations. Among the issues requiring resolution was the amount due First Union under the terms of the mortgage as well as the Vaughans’ statutory right to redeem its property by paying those amounts.
Section 45.0315, Florida Statutes (1997), grants to the mortgagor or the holder of a subordinate interest the right to prevent a foreclosure sale by paying the indebtedness specified in the final judgment. The right of redemption belongs to those who claim under or through the mortgagor. See Engels v. Valdesuso, 497 So.2d 698 (Fla. 3d DCA 1986). Thus, the Vaughans are entitled to redeem the property as the successors in title to the mortgagors and as the title owners before and during the pending litigation. This conclusion is consistent with the policy that the law favors redemption by persons, like the Vaughans, who possess an interest in the mortgaged premises and would lose by foreclosure. See John Stepp, Inc. v. First Fed. Sav. & Loan Ass’n of Miami, 379 So.2d 384 (Fla. 4th DCA 1980).
The ability to redeem the property is intertwined with the amounts deemed due as costs and attorneys’ fees. Because the Vaughans were the title owners of the property, were parties to the litigation, and possessed a statutory right of redemption, they had standing on the costs and fees issue. To conclude otherwise is to diminish the legislative policy of redemption. Accordingly, on remand the court shall hold a new hearing on First Union’s motion to tax costs and attorney’s fees at which the Vaughans are entitled to be heard.
Affirmed in part; reversed in part; remanded with instructions.
CAMPBELL, A.C.J.,' Concurs.
PARKER, J., Dissents with opinion.