KAHN, J.
Laura L. Whiteside (Petitioner) petitions for a writ of certiorari to review a trial court order granting a motion for sanctions filed by the Escambia County School Board (Respondent). Because the trial court departed from the essential requirements of law, we grant the petition and quash the trial court’s order.
This matter arises from a circuit court case, styled Pensacola News Journal v. Estate of Mason, Case No. 00-2005-CA-01. Although Respondent filed a motion to join in that case, the trial court never acted on the motion. Petitioner, counsel for the Mason Estate, consistently, throughout the proceedings, advanced her argument that Respondent was not a party. Nevertheless, the trial court entertained several motions filed by Respondent, and ultimately granted a motion for sanctions against Petitioner, bottomed upon Petitioner’s alleged violation of an earlier court order.
Under the general rule, one not a party to a case has no standing to request *860 relief from the court. See Warshaw-Seattle, Inc. v. Clark, 85 So.2d 623, 625 (Fla.1955) (“ ‘Persons who are not parties of record to a suit have no standing therein which will enable them to take part in or control the proceedings. If they have occasion to ask relief in relation to the matters involved, they must either contrive to obtain the status of parties in such suit or they must institute an independent suit.’ ”) (quoting 39 Am.Jur. Parties § 55). In this case, We find no exception to the general rule, such as, for example, a situation involving discovery from a nonparty. See e.g., Jerry’s South, Inc. v. Morran, 582 So.2d 803, 804 (Fla. 1st DCA 1991) (holding that a motion for protective order filed by a nonparty should be granted when discovery sought from that nonparty is overly broad). Consequently, the trial court departed from the essential requirements of law in acting upon Respondent’s requests, without first acting to grant party status to Respondent.
We GRANT the petition for certiorari, and QUASH the trial court’s order granting sanctions. We deny Respondent’s motion for attorney’s fees.
WOLF and BENTON, JJ., CONCUR.