957 So.2d 1207 (2007)
The CIRCLE VILLAS CONDOMINIUM ASSOCIATION, INC., a Florida not for profit corporation, Appellant,
v.
The CIRCLE PROPERTY OWNERS' ASSOCIATION, INC., Appellee.
No. 4D06-3412.
District Court of Appeal of Florida, Fourth District.
April 18, 2007.
*1208 Kenneth E. Zeilberger of Katzman & Korr, P.A., Fort Lauderdale, for appellant.
David J. Schottenfeld of David J. Schottenfeld, P.A., Plantation, for appellee.
PER CURIAM.
Appellant, The Circle Villas Condominium Association, Inc. (Condominium), timely appeals the trial court's final order of dismissal, dismissing its action against The Circle Property Owners' Association, Inc. (Association). We reverse and remand.
"The Circle" is a planned condominium unit development comprised of several individual associations, which are condominium associations, including Condominium. Association is a homeowners association responsible for the maintenance of various common areas located within The Circle, including a recreational parcel. Association's maintenance responsibility is defined in Article III of the Declaration of Covenants and Restrictions governing The Circle (Declaration), recorded in Broward County's official records. Condominium and owners of units in Condominium are members of Association and pay maintenance assessments to Association. Association also serves as a master association.
Condominium brought a complaint against Association, "in its name on behalf of its individual homeowners and members concerning matters of common interest to its homeowners and members." Condominium alleged that Association breached the terms of Article III of the Declaration, and "failed and refused to maintain the common areas/elements and the recreational parcel, and has allowed same to fall into a state of disrepair." Article III of the Declaration provides that Association shall own and maintain the common elements. Condominium sought damages and an accounting.
Association filed a motion to dismiss Condominium's complaint. In its motion Association alleged dismissal was appropriate because Condominium did not have standing to bring the action. Specifically, Association argued that dismissal was proper because Condominium was not a member of Association, as defined in the Declaration. Association also claimed mediation was appropriate pursuant to section 720.311, Florida Statutes.
The trial court referred the matter to a General Magistrate, who heard oral argument on Association's motion to dismiss. In her report, the Magistrate determined that pursuant to Article IX of the Declaration, only individual owners could file a complaint, and therefore, Condominium lacked standing to bring the action. Article IX provides:
MEMBERSHIP IN ASSOCIATION: APPURTENANCE: VOTING
Membership in ASSOCIATION shall be as provided in the ARTICLES and BY-LAWS. Membership in ASSOCIATION *1209 shall be established and terminated at all times as an appurtenance to ownership of UNITS and an appurtenance to ownership of Eligible Property as provided in said ARTICLES and BY-LAWS, and herein. Voting rights of members and elections and/or designation of directors of ASSOCIATION shall be as determined and provided in the ARTICLES and BY-LAWS.
The Magistrate recommended the complaint be dismissed.
Condominium filed exceptions to the Magistrate's report. Condominium claimed that the Magistrate failed to apply Florida Rule of Civil Procedure 1.221, that Condominium argued, "expressly grants [Condominium] the authority and standing to bring this action against [Association]." Rule 1.221 provides in pertinent part:
After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities.
Fla. R. Civ. P. 1.221.
Because Condominium alleged further that its claims against Association were based upon Association's failure to maintain the common recreational facilities, Condominium argued it had the standing to bring the action. The trial court entered an order overruling the Condominium's exceptions and accepting the Magistrate's report, dismissing the action. Condominium appeals the dismissal.
Condominium contends on appeal that it had standing to bring this action against Association because Rule 1.221 expressly provides that a condominium association may institute and maintain actions in its name on behalf of all unit owners concerning matters of common interest. We agree.
"Whether a party has standing to bring an action is a question of law to be reviewed de novo." Wexler v. Lepore, 878 So.2d 1276, 1280 (Fla. 4th DCA 2004). As Condominium correctly notes, "[t]his court has recognized that an association may sue and be sued as the representative of condominium unit owners in an action to resolve a controversy of common interest to all units [pursuant to Rule 1.221]." Four Jay's Constr., Inc. v. Marina at the Bluffs Condo. Ass'n, Inc., 846 So.2d 555, 557 (Fla. 4th DCA 2003) (citing Kesl, Inc. v. Racquet Club of Deer Creek II Condo., Inc., 574 So.2d 251 (Fla. 4th DCA 1991); Juno by the Sea Condo. Apts., Inc. v. Juno by the Sea N. Condo. Ass'n, 418 So.2d 1190 (Fla. 4th DCA 1982)). Here, Condominium's complaint states that Condominium brings "this action in its name on behalf of its individual homeowners and members concerning matters of common interest to its homeowners and members." Moreover, the subject matter of the suit is Association's alleged failure to maintain the common areas and recreational facility pursuant to its obligations under Article III of the Declaration, which provides in pertinent part: "ASSOCIATION shall own, administer, repair, replace, maintain, operate and manage RECREATION PARCEL and EASEMENT PARCEL."
Association raises two arguments in response. Both arguments fail. First, Association claims that dismissal was appropriate because the allegations of Condominium's complaint were contrary to the provisions of membership set forth in *1210 Article IX of the Declaration, set forth above. Association alleges Article IX specifically limits its membership to those persons owning a unit within the premises subject thereto. However, Article IX does not foreclose Condominium's ability to bring legal action against Association on behalf of its members regarding a matter of common interest, pursuant to Rule 1.221. Rather, it merely defines who is a member of the association. Therefore, Article IX does not negate Condominium's standing to bring suit.
Association maintains next that dismissal was proper because Condominium failed to comply with the conditions precedent to filing an action imposed pursuant to section 720.311(2)(a), Florida Statutes. Section 720.311(2)(a) provides in pertinent part:
Disputes between an association and a parcel owner regarding use of or changes to the parcel or the common areas and other covenant enforcement disputes, disputes regarding amendments to the association documents, disputes regarding meetings of the board and committees appointed by the board, membership meetings not including election meetings, and access to the official records of the association shall be filed with the department[1] for mandatory mediation before the dispute is filed in court.
§ 720.311(2)(a), Fla. Stat. (2005). However, as Condominium correctly argues, this argument is without merit. Section 720.302(4), Florida Statutes (2005), states: "This chapter does not apply to any association that is subject to regulation under chapter 718, chapter 719, or chapter 721; or to any nonmandatory association formed under chapter 723." It is undisputed that Condominium is a condominium association governed by Chapter 718, Florida Statutes. Thus, section 720.311(2)(a) does not apply to Condominium.
Based on the foregoing, the trial court erred in dismissing Condominium's complaint against Association.
Reversed and Remanded for Further Proceedings.
WARNER, POLEN and HAZOURI, JJ., concur.
NOTES
[1] "Department" refers to the Department of Business and Professional Regulation. § 720.301(5), Fla. Stat. (2005).