DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VIRGINIA GIUFFRE,**
Appellant,

v.

**BRADLEY J. EDWARDS, PAUL G. CASSELL,** and **ALAN DERSHOWITZ,**
Appellees.

No. 4D16-1847

[August 30, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas Lynch, Judge; L.T. Case No. 15-000072 CACE (05).

Sigrid S. McCawley of Boies, Schiller & Flexner LLP, Fort Lauderdale, and Jon L. Mills, Miami, for appellant.

Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale; and Richard A. Simpson of Wiley Rein LLP, Washington, D.C., for appellee Alan Dershowitz.

CIKLIN, J.

Virginia Giuffre, a nonparty below, appeals an order granting defendant Alan Dershowitz's motion to strike her various motions for sanctions. The order on appeal was entered following a voluntary dismissal of the case. In the order, the trial court held that it lacked jurisdiction to consider Giuffre's previously filed motions for sanctions because the matter had been voluntarily dismissed and further that Giuffre lacked standing to file the motions for sanctions to begin with. We agree with Giuffre's contention that the trial court erred in determining that it lacked jurisdiction to entertain the sanctions motions. We affirm, however, the trial court's correct conclusion that Giuffre lacked standing.

This appeal arises from a defamation action. In an action prior to the defamation action, Attorneys Edwards and Cassell represented Giuffre, and Dershowitz represented Jeffrey Epstein. In the action below, Giuffre's attorneys asserted a defamation claim against Dershowitz based

on statements Dershowitz made in the prior action. Dershowitz asserted a counterclaim for defamation based on the attorneys' statements in the prior action that Dershowitz personally perpetrated criminal acts against Giuffre.

Giuffre's participation in discovery was compelled in the defamation action insofar as Dershowitz issued a subpoena for her deposition. As an apparent consequence, Giuffre's counsel was present for some proceedings in the defamation action, including Dershowitz's deposition. At his deposition, Dershowitz sought to reveal communications between himself and Attorney Boies, who also represented Giuffre. Giuffre objected multiple times and contended those were confidential settlement communications. Giuffre and Dershowitz agreed to raise the issue with the trial court.

Dershowitz then moved in limine to overrule Giuffre's objections, contending the contested communications were not settlement communications. To his motion, he attached an affidavit outlining his meetings and conversations with Boies.

The same day that the motion in limine was filed, Giuffre filed an emergency motion to seal the affidavit, alleging that the statements therein were confidential settlement negotiations and alleging that Dershowitz was aware of Giuffre's ongoing objection to the revelation of the communications at issue. Shortly thereafter, *The New York Times* published an article that included some of the contents of the affidavit. Thereupon, Giuffre moved to strike the affidavit and Dershowitz's pleadings and moved to impose sanctions against Dershowitz.

At a hearing on the motion, the trial court granted the emergency motion to seal the affidavit, but reserved ruling on the motion for sanctions against Dershowitz (and on the underlying motion in limine).

Dershowitz's deposition continued approximately one month later, at which point he gave testimony that, according to Giuffre's allegations, again described confidential settlement negotiations with Giuffre's counsel. Giuffre's counsel at the deposition objected and then filed a supplemental motion to strike and for further sanctions based on the deposition testimony, alleging that Dershowitz violated the order sealing the affidavit. Dershowitz moved to strike Giuffre's sanctions motions.

Thereafter, the parties to the lawsuit filed a stipulation of dismissal with prejudice. At the hearing on Dershowitz's motion to strike, he contended the court was divested of jurisdiction when the parties filed

the stipulation of dismissal, and, regardless, Giuffre was a nonparty and lacked standing in the proceedings. The trial court agreed and entered an order concluding, "Even if defendant Dershowitz willfully violated this Court's order, the Court has no jurisdiction to consider the motion for sanctions, and further, [Giuffre] lacks standing in this case."

*The Trial Court's Continuing Jurisdiction*

Generally, a trial court's determination on jurisdiction is reviewed de novo. *See Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005).

A trial court's jurisdiction ends with the termination of litigation. *Miller v. Fortune Ins. Co.*, 484 So. 2d 1221, 1223 (Fla. 1986). Florida Rule of Civil Procedure 1.420(a)(1) governs the voluntary dismissal of actions by parties and provides that an action is dismissed upon the filing of a joint stipulation of dismissal:

> [A]n action . . . may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all current parties to the action.

Thus, the effect of a voluntary dismissal under rule 1.420(a) "is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction'." *Randle-E. Ambulance Serv., Inc. v. Vasta*, 360 So. 2d 68, 69 (Fla. 1978).

Of course, there are numerous exceptions to this deprivation of jurisdiction, including those enumerated in Florida Rule of Civil Procedure 1.540 and jurisdiction to enforce a final judgment or stipulation of dismissal, *Broadband Engineering, Inc. v. Quality RF Services, Inc.*, 450 So. 2d 600, 601 (Fla. 4th DCA 1984).

Pertinent to the issue at hand, even after resolution of a lawsuit by way of final judgment or stipulation of dismissal, the trial court retains jurisdiction to resolve "collateral matters such as taxation of costs and prevailing party attorney's fees." *See Amlan, Inc. v. Detroit Diesel Corp.*, 651 So. 2d 701, 704 (Fla. 4th DCA 1995). "A motion for sanctions seeking attorney's fees and reasonable expenses as a result of discovery

3

abuses and alleged violations of court orders properly falls within the exception to the rule as an independent and collateral claim." *Id.*

In *Amlan,* after final judgment had been entered, the plaintiffs moved for attorney's fees as a sanction for the defendant's misconduct in discovery. *Id.* at 702. The trial court granted the motion and on appeal, this court affirmed, reasoning:

> An award of attorney's fees and costs is ancillary to, and does not interfere with, the subject matter of the appeal, and thus, is incidental to the main adjudication. [*McGurn v. Scott*, 596 So. 2d 1042, 1044 (Fla. 1992)]. On the other hand, prejudgment interest, as an element of damages directly related to the main issues in controversy, is not properly considered after the entry of a final judgment. . . .

> Monetary sanctions for discovery abuses are not an element of damages, but constitute a collateral and independent claim for attorney's fees and costs arising from litigation-related discovery abuses. . . . [A] motion for sanctions for pretrial discovery abuses filed after the entry of a final judgment may be appropriately considered by the trial court.

*Id.* at 704.

In addition to retaining jurisdiction over independent and collateral claims, it is axiomatic and inherent that a trial court retains jurisdiction to enforce its own orders, subject, of course, to review by courts of higher rank. *See Erickson v. Erickson*, 998 So. 2d 1182, 1183 (Fla. 1st DCA 2008); *see also Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("A court may make an adjudication of contempt and impose a contempt sanction even after the action in which the contempt arose has been terminated."); *Pino v. Bank of N.Y.*, 121 So. 3d 23, 41 (Fla. 2013) (holding a trial court has continuing jurisdiction to resolve a pending motion for sanctions under section 57.105 regardless of a plaintiff's voluntary dismissal of case); *Whitby v. Infinity Radio, Inc.*, 961 So. 2d 349, 353 (Fla. 4th DCA 2007) (finding that, after entry of final judgment, trial court retained ancillary jurisdiction to enforce contempt order that was entered prior to judgment).

Giuffre's sanctions motions were—by definition—"collateral" and "independent" matters. Her claims were ancillary to and did not interfere with the subject defamation claims between Dershowitz and Edwards

and Cassell or the dismissal of those claims. Consequently, the trial court retained jurisdiction to entertain the sanctions motions—and never lost it.

*The Nonparty's Standing*

Despite the trial court's error in concluding it lacked jurisdiction to enforce its previously entered orders, we nonetheless affirm due to the trial court's accurate conclusion that Giuffre lacked standing. Standing is a question of law to be reviewed de novo. *See Circle Villas Condo. Ass'n v. Circle Prop. Owners' Ass'n,* 957 So. 2d 1207, 1209 (Fla. 4th DCA 2007).

"Any litigant must demonstrate that he or she has standing to invoke the power of the court to determine the merits of an issue." *Vaughan v. First Union Nat'l Bank of Fla.,* 740 So. 2d 1216, 1217 (Fla. 2d DCA 1999). "Standing depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest which would be affected by the outcome of the litigation." *Weiss v. Johansen,* 898 So. 2d 1009, 1011 (Fla. 4th DCA 2005). "The interest cannot be conjectural or merely hypothetical[,]" *id.,* nor can it be "indirect, inconsequential, or contingent," *Sweetwater Country Club Homeowners' Ass'n v. Huskey Co.,* 613 So. 2d 936, 939 (Fla. 5th DCA 1993).

The Florida Supreme Court has identified three minimal requirements for standing:

> There are three requirements that constitute the irreducible constitutional minimum for standing. First, a plaintiff must demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent. Second, a plaintiff must establish a causal connection between the injury and the conduct complained of. Third, a plaintiff must show a substantial likelihood that the requested relief will remedy the alleged injury in fact.

*State v. J.P.,* 907 So. 2d 1101, 1113 n.4 (Fla. 2004) (citations and quotation marks omitted).

Generally, a nonparty does not have standing to request relief from the court. *Whiteside v. Sch. Bd. of Escambia Cty.,* 798 So. 2d 859, 859-60 (Fla. 1st DCA 2001).

> Persons who are not parties of record to a suit have no

standing therein which will enable them to take part in or control the proceedings. If they have occasion to ask relief in relation to the matters involved, they must either contrive to obtain the status of parties in such suit or they must institute an independent suit.

*Warshaw-Seattle, Inc. v. Clark*, 85 So. 2d 623, 625 (Fla. 1955) (citation omitted). An exception to the general rule exists for situations involving discovery from a nonparty. *See Whiteside*, 798 So. 2d at 860; Fla. R. Civ. P. 1.410(c) (permitting the addressee of a subpoena to move to "quash or modify the subpoena if it is unreasonable and oppressive"); Fla. R. Civ. P. 1.280(c) (permitting a nonparty to move for a protective order against discovery for protection from "annoyance, embarrassment, oppression, or undue burden or expense").

Consistent with the general rule, Giuffre did not have standing in the proceedings below, despite her feasible stake in the outcome of the proceedings. In accordance with *J.P.,* Giuffre cannot meet the third of the minimum requirements. That is, that the requested relief will remedy the alleged injury.[1]

Consequently, the trial court did not err in concluding that Giuffre lacked standing and we affirm.

*Affirmed.*

TAYLOR and MAY, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Giuffre alleges that Dershowitz violated his agreement to keep their settlement communications confidential and that his actions damaged her reputation. The relief she requested below included the striking of Dershowitz's pleadings, or at least his affidavit, from the record, attorney's fees and costs, and admonishment of Dershowitz against any further violations of his confidentiality obligations. Dershowitz's claims and pleadings were effectively withdrawn when he stipulated to dismissal of the case, *cf.* Florida Rule of Civil Procedure 1.420(a)(1), so striking of the pleadings was no longer an available remedy. Further, attorney's fees and costs and admonishment against future revelations are unlikely to remedy the injury of damage to Giuffre's reputation, particularly considering the previous publication of the communications.