DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEICO GENERAL INSURANCE COMPANY,**
Appellant,

v.

**ROBERT H. STEIN, P.A.,** and **FLORIDA SPINE AND JOINT INSTITUTE, LLC,**
Appellees.

Nos. 4D22-154, 4D22-155, 4D22-156, 4D22-157, 4D22-158, 4D22-159, 4D22-162, 4D22-163, 4D22-172, 4D22-173, 4D22-174, 4D22-175, 4D22-178, 4D22-179, 4D22-180, 4D22-181, 4D22-183, 4D22-184, 4D22-187, 4D22-189, 4D22-190, 4D22-191, 4D22-193, 4D22-194, 4D22-195, 4D22-196, 4D22-197, 4D22-198, 4D22-199, 4D22-200, and 4D22-201

[August 9, 2023]

Consolidated appeals from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case Nos. CONO19-2463, CONO19-2464, CONO19-3968, CONO19-3972, CONO19-4539, CONO19-4541, CONO19-4546, CONO19-4854, CONO19-4861, CONO19-5011, CONO19-6469, CONO19-9278, CONO19-10625, CONO19-10966, CONO19-10968, CONO19-10970, CONO19-10971, CONO19-12777, CONO19-13361, CONO19-13374, CONO19-13999, CONO19-14000, CONO20-964, CONO20-1449, CONO20-3084, CONO20-3088, CONO20-3090, CONO20-3095, CONO20-3203, CONO20-3573, and CONO20-3578.

Kristen L. Wenger, Drew Krieger, and Salvatore T. Coppolino of Rivkin Radler, LLP, Jacksonville, and John P. Marino of Smith, Gambrell & Russell, LLP, Jacksonville, for appellant.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellee Robert Stein, P.A.

KLINGENSMITH, C.J.

In this consolidated appeal, GEICO General Insurance Company appeals thirty-one fee orders and final judgments (1) awarding Robert Stein, P.A., former counsel for Florida Spine and Joint Institute, LLC,

attorney's fees for work performed in thirty-one PIP cases, and (2) finding GEICO responsible for paying a share of those fees. For the reasons discussed below, we reverse.

Florida Spine, through its attorney, Stein, filed eighty-six cases against GEICO for PIP benefits. In each case, the contingency fee agreement between Florida Spine and Stein stated that Stein was entitled to reasonable attorney's fees. Florida Spine and GEICO filed lawsuits against each other concurrent with the PIP cases. GEICO sued Florida Spine for RICO violations and fraud, and Florida Spine sued GEICO for defamation, among other claims. Notably, Stein did not represent Florida Spine in those actions, confining his representation of Florida Spine to only the PIP cases.

Stein later filed a charging lien for his fees in each of the PIP cases. Soon thereafter, Florida Spine discharged Stein as its counsel, retained new counsel, and instructed its new attorney to voluntarily dismiss each of the PIP cases with prejudice pursuant to a settlement agreement with GEICO reached in the concurrent cases. Those dismissals included a provision that "[e]ach party will bear its own attorneys' fees and costs." Stein was not involved in discussions relating to any agreements made between GEICO and Florida Spine pertaining to the voluntary dismissals.

Stein then filed a motion with the trial court to consolidate and re-open the cases to determine the amount of his charging lien. Even though the motion to re-open was served to both Florida Spine and GEICO, the motion did not specifically reference GEICO or indicate in any way that Stein was seeking payment for his fees and costs from GEICO. GEICO attended the hearing to re-open the cases but made no objections. The trial court agreed to re-open the cases "for the sole purpose to set the amount of the reasonable attorneys' fees and costs." That order named GEICO and specified GEICO's attorneys "shall have *no responsibilities* regarding the *setting* of the reasonable attorneys' fees and costs." (emphasis added). At a hearing a month after the voluntary dismissals, the trial court defined GEICO's role in the coming proceedings:

> GEICO: Well, I don't have a problem attending. I just want to make it sure that it's clear what is happening is not involving [GEICO].

> COURT: All right. So Geico has nothing to do with any of this. We can all agree you can appear at your leisure.

2

GEICO was notified of, but did not participate in, the first four fee hearings that resulted in the determination of attorney's fees and costs in six of the PIP cases. However, GEICO did attend—but did not substantially participate in—the last fee hearing that determined attorney's fees and costs related to the remaining cases appealed in this case.

At the conclusion of the hearings determining fees and costs, and almost a year after the voluntary dismissal of the PIP cases, Stein moved to add GEICO to the final judgment on attorney's fees and costs. The trial court rejected GEICO's arguments that (1) the charging liens did not entitle Stein to attorney's fees and costs to be paid by GEICO, and (2) the court lacked jurisdiction to add GEICO as a party to the judgment more than a year after Stein initially filed the charging liens. The trial court granted Stein's motion to add GEICO as a party to the judgments and issued an order holding GEICO and Florida Spine jointly and severally liable for attorney's fees and costs. The trial court also entered final judgment in each of the cases.

GEICO now appeals its inclusion in those judgments and the court's ruling holding it liable, whether in whole or in part, to Stein for his fees and costs.

A trial court's determination on jurisdiction is reviewed de novo. *See Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005). Florida Rule of Civil Procedure 1.420(a)(1) governs the voluntary dismissal of actions by parties and provides that an action is dismissed upon the filing of a joint stipulation of dismissal. "[T]he effect of a voluntary dismissal under rule 1.420(a) 'is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction".'" *Giuffre v. Edwards*, 226 So. 3d 1034, 1037 (Fla. 4th DCA 2017) (quoting *Randle–E. Ambulance Serv., Inc. v. Vasta*, 360 So. 2d 68, 69 (Fla. 1978)). However, "even after resolution of a lawsuit by way of final judgment or stipulation of dismissal, the trial court retains jurisdiction to resolve 'collateral matters such as taxation of costs and prevailing party attorney's fees.'" *Giuffre*, 226 So. 3d at 1038 (quoting *Amlan, Inc. v. Detroit Diesel Corp.*, 651 So. 2d 701, 704 (Fla. 4th DCA 1995)).

Stein correctly asserts the voluntary dismissals did not deprive the trial court of jurisdiction to enforce the charging liens or to determine ancillary issues such as attorney's fees and costs. *Giuffre*, 226 So. 3d at 1038; *Amlan*, 651 So. 2d at 704. But while the court clearly had jurisdiction to resolve the issue of the charging liens filed by Stein against his former client Florida Spine, that jurisdiction does not automatically extend to third parties.

Here, GEICO negotiated a settlement agreement with Florida Spine in the concurrent case, not in the PIP cases. Stein was only an attorney and not a named party in those lawsuits. Neither the settlement agreement nor the voluntary dismissals included any provision reserving jurisdiction for the trial court to consider GEICO's responsibility for paying fees and costs. When parties have reached a settlement agreement, "[t]he only choices available to a trial court are acceptance or rejection of the settlement as a whole." *Maxwell v. Edwards*, 345 So. 3d 323, 325 (Fla. 4th DCA 2022) (quoting *Hameroff v. Pub. Med. Assistance Tr. Fund*, 911 So. 2d 827, 830 (Fla. 1st DCA 2005)). The court does not have the discretion to vacate or modify the terms of a settlement agreement. *Klein v. Est. of Klein*, 295 So. 3d 793, 800 (Fla. 4th DCA 2020) ("[T]he fact that one party to the agreement apparently made a bad bargain is not a sufficient ground, by itself, to vacate or modify a settlement agreement." (alteration in original) (quoting *Casto v. Casto*, 508 So. 2d 330, 334 (Fla. 1987))).

By the terms of their settlement agreement, Florida Spine and GEICO resolved the PIP cases through Florida Spine's voluntary dismissals, and the settlement agreement explicitly provided that each party would be responsible for its own attorney's fees. The cases were re-opened for the sole stated purpose of determining fees and costs payable by Florida Spine pursuant to its former attorney's charging lien. In addition, the trial court's order re-opening the cases advised GEICO that it would have no responsibility in setting the fees and costs—essentially giving GEICO no responsibility to object to the amounts claimed, no reason to present its own experts on the issues, and no notice that it would eventually be liable for paying those fees.

GEICO's lack of responsibility for Stein's fees is also buttressed by the trial judge's remarks at the hearing to add GEICO as a party and impose liability on it to pay attorney's fees. The trial judge admitted he could understand why GEICO did not believe it had an obligation to pay, saying, "I didn't really think about it because in my mind, GEICO was not getting involved in the fee hearing, the hourly rate, and stuff like that." Even though GEICO was informed of all the attorney's fees hearings, these communications did not notify GEICO that they needed to prepare for and actively participate in those hearings because they could ultimately be liable for paying Stein's fees. Imposing liability on GEICO for fees at this late juncture—after being informed by the court that GEICO had nothing to do with Stein's fees and costs—deprived GEICO of due process and the opportunity to have truly participated in the setting of the fees along the way. *Zelman v. Zelman*, 175 So. 3d 871, 878 (Fla. 4th DCA 2015) ("In

observing due process of law, the opportunity to be heard must be full and fair, not merely colorable or illusive." (quoting *Ryan's Furniture Exch. v. McNair*, 162 So. 483, 487 (Fla. 1935))).

Furthermore, Florida Spine dismissed the PIP cases against GEICO, making GEICO the prevailing party for the determination of attorney's fees. *See Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) ("[W]hen a plaintiff voluntarily dismisses an action, the defendant is the prevailing party."). Even without the parties' agreement that each would bear its own fees and costs, GEICO would remain the prevailing party if the cases were re-opened following the voluntary dismissals. *Nudel v. Flagstar Bank, FSB*, 60 So. 3d 1163, 1165 (Fla. 4th DCA 2011). Had GEICO settled with Florida Spine by paying a settlement to them in the PIP cases—rather than in any concurrent litigation—Stein's argument that a GEICO settlement payment equated to a confession of judgment in the PIP cases might have had more merit. *See Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983) (finding when an insurer pays a settlement agreement in an insurance case, such payment may function as a confession of judgment). However, that is not the case here.

Because the trial court accepted the parties' settlement agreement in the concurrent case and the voluntary dismissals in the PIP cases, the court lacked jurisdiction to modify the settlement agreement's terms more than a year later, particularly the provision specifying each party must bear responsibility for its own attorney's fees. *See Maxwell*, 345 So. 3d at 325; *Klein*, 295 So. 3d at 800; *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1214 (Fla. 2016) (noting the general custom "is that each party is responsible for his or her own attorney's fees, regardless of the outcome of the action"). While Stein may have a valid charging lien enforceable against Florida Spine, he has no enforceable claim against GEICO for attorney's fees. Without an express reservation of jurisdiction, or an agreement linking Florida Spine's voluntary dismissals of the PIP cases against GEICO with any other matters, including a settlement agreement reached between these two parties in a separate case, the trial court erred in adding GEICO to the fee orders and final judgments.

Therefore, we reverse the trial court's order holding GEICO jointly and severally liable for attorney's fees and costs pursuant to Stein's charging liens and remand for the trial court to remove GEICO as a party to the resulting final judgments.

*Reversed and remanded with instructions.*

FORST and ARTAU, JJ., concur.

5

*          *          *

*Not final until disposition of timely filed motion for rehearing.*